UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| TASHA GRIMMETT,<br>    Plaintiff, | )<br>)<br>) |
| v. | )   CAUSE NO.: 1:24-CV-13-JVB-AZ |
| ALLEN COUNTY JAIL, *et al.*,<br>    Defendant. | )<br>)<br>) |

## OPINION AND ORDER

Tasha Grimmett, a prisoner without a lawyer, filed a complaint under 42 U.S.C. § 1983 [DE 1]. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the Court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Grimmett's complaint contains unrelated claims. She is suing eight people for events that occurred at the Allen County Jail. [DE 1]. First, Grimmett details events that occurred involving Confinement Officer Leckner where Leckner refused to take her to a Child Protective Services visit on July 7, 2023, and an attorney visit on August 18, 2023. *Id*. at 3. Grimmett next complains that Confinement Officer Kee sexually assaulted her by making sexual comments, touching her, and moving things around in her cell from July 2023 through November 2023. *Id*. at 3-4. Then, she discusses a situation that occurred on October 31, 2023, where she asked Lt. Vachon and Disciplinary Officer Wa Casey to find out who was responsible for not taking her to case manager meetings. *Id*. at 5. Next, Grimmett describes a November 6, 2023, incident where Lt. Vachon came

1

to her cell and threatened her. *Id.* Grimmett also alleges that an inmate threatened to kill her, but Shift Commander A. Swagger, Disciplinary Committee Head Penny Lake, Classification Officer C. Ray, and Wa Casey failed to protect her on November 29, 2023, because they would not approve her request for separation orders, which caused her to stay in her cell for eight days. *Id*. at 6-9. In another claim, Grimmett has sued the Allen County Jail for these events because the defendants work there. *Id*. at 9-10.

As an initial matter, Grimmett cannot sue the Allen County Jail. The jail is a building, not a "person" or policy-making body that can be sued for constitutional violations under 42 U.S.C. § 1983. *Smith v. Knox County Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012). Therefore, she may not proceed against the Allen County Jail.

Grimmett may not sue different defendants based on unrelated events. "Unrelated claims against different defendants belong in different suits . . .." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). *See also Owens v. Evans*, 878 F.3d 559, 566 (7th Cir. 2017). Claims are related either if the same defendant is involved in each claim or if the claims all stem from the same transaction or occurrence and there is a common question of law or fact. Fed. R. Civ. P. 18(a), 20(a)(2). When a *pro se* prisoner files a suit with unrelated claims, the court has several options. *Wheeler v. Wexford Health Sources, Inc*., 689 F.3d 680, 683 (7th Cir. 2012). It is the practice of this Court to notify the plaintiff and allow her to decide which claim (or related claims) to pursue in the instant case – as well as to decide when or if to bring the other claims in separate suits. *Id*. ("The judge might have been justified in directing Wheeler to file separate complaints, each confined to one group of injuries and defendants."). This is the fairest solution because "the plaintiff as master of the complaint may present (or abjure) any claim [s]he likes." *Katz v. Gerardi*, 552 F.3d 558, 563 (7th Cir. 2009).

The Court could properly limit this case by picking a claim (or related claims) for Grimmett because "[a] district judge [can] solve the problem by . . . dismissing the excess defendants under Fed.R.Civ.P. 21." *Wheeler*, 689 F.3d at 683. Alternatively, the Court could split the unrelated claims because "[a] district judge [can] solve the problem by severance (creating multiple suits that can be separately screened) . . . ." *Id*. Both of these solutions pose potential problems. Thus, it is the prisoner plaintiff who should make the decision whether to incur those additional filing fees and bear the risk of additional strikes. However, if Grimmett is unable to select related claims on which to proceed in this case, one of these options may become necessary. Grimmett needs to decide which related claims and associated defendants she wants to pursue in this case. *See Katz*, 552 F.3d at 563 and *Wheeler*, 689 F.3d at 683. Then, she needs to file an amended complaint including only a discussion of the related claims and defendants. Moreover, she should not write about other events and conditions at the jail which are not directly related to the claim against the named defendant or defendants. If she believes those other events or conditions state a claim, she needs to file separate lawsuits.

Grimmett will be granted an opportunity to file an amended complaint containing only related claims. *Luevano v. WalMart Stores, Inc*., 722 F.3d 1014, 1022-23, 1025 (7th Cir. 2013); *Loubser v. Thacker*, 440 F.3d 439, 443 (7th Cir. 2006). If she decides to file an amended complaint, she needs to use this court's approved prisoner complaint form, a **Prisoner Complaint Pro Se 14 (INND Rev. 2/20)** form, which is available from the jail's law library. She must write this cause number on the amended complaint and explain in her own words what happened, when it happened, where it happened, who was involved, and how she was personally injured, providing as much detail as possible.

For these reasons, the Court:

4

(1) **GRANTS** Tasha Grimmett until **April 4, 2025**, to file an amended complaint containing only related claims; and

(2) **CAUTIONS** Tasha Grimmett that, if she does not respond by the deadline or if she files an amended complaint with unrelated claims, the Court will select one group of related claims and dismiss the others without prejudice.

SO ORDERED on March 7, 2025.

s/ Joseph S. Van Bokkelen
JOSEPH S. VAN BOKKELEN, JUDGE
UNITED STATES DISTRICT COURT